CLERK'S OFFICE U.S. DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 1 0 2025

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 3:25-CR-19 |
| **GUSTAVO QUINTERO** *a/k/a* **GUSTAVO QUINTARO,** | **In violation of:** <br> 18 U.S.C. §§ 2422(a), (b) <br> 18 U.S.C. §§ 2251(a), (e) <br> 18 U.S.C. §§ 2252(a)(4)(B), (b)(2) |
| *Defendant.* | |

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

At all times relevant to this Indictment:

1. On or about May 7, 2025, **GUSTAVO QUINTERO** *a/k/a* **GUSTAVO QUINTARO ("DEFENDANT")**, and Bryan Arias-Chicas encountered Minor Victim 1 near the intersection of Greenbrier Drive and Seminole Trail in Charlottesville, Virginia.

2. **DEFENDANT** and Arias-Chicas purchased alcohol for Minor Victim 1, who drank the alcohol and became intoxicated.

3. After Minor Victim 1 became intoxicated, **DEFENDANT** had sex with Minor Victim 1, as did Arias-Chicas.

4. **DEFENDANT** proceeded to have sex with Minor Victim 1 throughout the night and into the next morning.

5. On or about May 8, 2025, **DEFENDANT** and Arias-Chicas dropped Minor Victim 1 off near an apartment complex in Albemarle County.

6. On or about July 12, 2025, **DEFENDANT** and Minor Victim 1—who had still not attained the age of 18 years—reconnected via social media and began to engage in sexual conversation. Among other things, **DEFENDANT** and Minor Victim 1 discussed what had happened back in May, including engaging sexual activity again and how **DEFENDANT** had kept the underwear that Minor Victim 1 had been wearing in May.

## COUNT ONE
Coercion and Enticement
(18 U.S.C. § 2422(b))

7. The Introduction of this Indictment is re-alleged and incorporated here.

8. Between, on, or about July 12, 2025, and on or about July 31, 2025, in the Western District of Virginia and elsewhere, the **DEFENDANT** using a facility and means of interstate and foreign commerce, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, Minor Victim 1, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, namely, Section 18.2-371 of the Code of Virginia (causing or encouraging acts rendering children delinquent) and the production of child pornography, as defined in 18 U.S.C. §§ 2251 and 2256(8).

9. All in violation of Title 18, United States Code, § 2422(b).

## COUNT TWO
Coercion and Enticement
(18 U.S.C. § 2422(a))

10. The Introduction of this Indictment is re-alleged and incorporated here.

11. Between on or about July 25, 2025, and on or about July 28, 2025, in the Western District of Virginia and elsewhere, the **DEFENDANT** did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, Minor Victim 1 to travel in interstate and foreign commerce to engage in sexual activity for which any person can be charged

with a criminal offense, namely, Section 18.2-371 of the Code of Virginia (causing or encouraging acts rendering children delinquent).

12. All in violation of Title 18, United States Code, § 2422(a).

## COUNT THREE
Sexual Exploitation of Children
(18 U.S.C. § 2251(a))

13. The Introduction of this Indictment is re-alleged and incorporated here.

14. On or about July 31, 2025, in the Western District of Virginia and elsewhere, the **DEFENDANT** did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce, Minor Victim 1, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, and such visual depiction having been produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction having actually been transported and transmitted using any means and facility of interstate and foreign commerce.

15. All in violation of Title 18, United States Code, §§ 2251(a) & (e).

## COUNT FOUR
Possession of Child Pornography
(18 U.S.C. § 2252(a)(4)(B))

16. The Introduction of this Indictment is re-alleged and incorporated here.

17. On or about August 1, 2025, in the Western District of Virginia and elsewhere, the **DEFENDANT** did knowingly possess at least one matter which contains any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce,

had been shipped and transported in and affecting interstate and foreign commerce, and was produced using materials which had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, including by computer; the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and such visual depiction was of such conduct.

18. All in violation of Title 18, United States Code, §§ 2252(a)(4)(B) & (b)(2).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the **DEFENDANT** shall forfeit to the United States:

   a. any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of law, pursuant to 18 U.S.C. § 2253(a)(1);

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from said violation of law, pursuant to 18 U.S.C. § 2253(a)(2) and/or 18 U.S.C § 2428(a)(2); and

   c. any property, real or personal used or intended to be used to commit or to promote the commission of said violation of law, or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a)(3) and/or 18 U.S.C § 2428(a)(1).

2. The property to be forfeited to the United States includes, but is not limited to, the following property:

   a. A Samsung Galaxy A16 5G cell phone, Model SM-S166V, serial number # RZCY420NLLM; and,

   b. All such material containing the above-described visual depictions.

3. If any of the above-described forfeitable property, as a result of any act or omission of the **DEFENDANT**:

      a. cannot be located upon the exercise of due diligence;
      b. has been transferred or sold to, or deposited with a third person;
      c. has been placed beyond the jurisdiction of the Court;
      d. has been substantially diminished in value; or
      e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the **DEFENDANT** up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A **TRUE BILL**, this __10__ day of December 2025.

*/s/ Foreperson*
FOREPERSON

*/s/ Tyson M Aby for*
ROBERT N. TRACCI
ACTING UNITED STATES ATTORNEY