CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
January 15, 2026
Laura A. Austin, Clerk
BY: /s/ K. Lokey
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA

v.

GUSTAVO QUINTERO
   a/k/a GUSTAVO QUINTARO,

Case No. 3:25-CR-00019

**O R D E R**

Pursuant to Federal Rules of Criminal Procedure 6(e), 16, and 26.2, 26 U.S.C. §§ 6103(h)(4)(D) and (i)(4)(A), and the authority of this Court to administer its proceedings, and on motion of the United States, it is **ORDERED** that:

1. The United States is permitted to disclose to counsel for the defense as part of voluntary discovery, grand jury, and other materials as part of its discovery obligations in this case.

2. Any material provided by the United States Attorney's Office to defense counsel shall be covered by this Order and shall be defined as "original material" for purposes of this order.

3. The United States, defense counsel, and defendant may use this original material only for the prosecution and defense of the case. The United States and defense counsel may make further disclosures as may be necessary for, and for the sole purpose of, prosecuting and defending this case.

4. Counsel for the defense may use this original material solely for the defense of the case, may not copy any of the material except as needed for defense of the case (any copy is governed by this Order as if it were the original), and may not remove or allow the removal of any of this material from the office of defense counsel unless kept in the personal possession of defense counsel at all times.

5. Notwithstanding the restrictions set forth in the preceding paragraph, defense counsel may make a copy of any materials provided to counsel for the defendant by the Government to be given to the appropriate person to be placed on file at the facility holding the defendant in a secure location (i.e., warden's office or counselor's office), for the defendant's review. These materials may not be given directly to the defendant and may not be removed from the secure location by the defendant. The defendant is advised that violation of this Order may result, in addition to other potential penalties, in the defendant being required to show cause why the defendant should not be held in contempt of court. Defense counsel must retrieve these materials at the conclusion of the case and either destroy the materials or return them to the U.S. Attorney's Office.

6. Before a defendant is permitted to view any of the material, defense counsel shall provide the defendant with a copy of this Order. The defendant is prohibited from physically or electronically sharing **any material produced by the government** in discovery either directly or indirectly by aiding others in doing so. The defendant is warned that violation of this Order may result, in addition to other potential penalties, in the defendant being required to show cause why the defendant should not be held in contempt of court, pursuant to 18 U.S.C. § 401.

7. With the limited exception of discovery items detailed in paragraph 9, below, defendant may not be in possession of any of the discovery material produced by the government unless in the presence of defense counsel.

8. Defense counsel shall diligently protect from unnecessary dissemination any of the following information included in the materials: social security account numbers, dates of birth, financial account numbers, and home addresses. While defense counsel may disclose such information, if necessary for the defense, defense counsel shall not provide to and shall not allow the defendant to possess any documentation of such information.

9. Defendant is allowed unrestricted access to review his/her own documented statements, criminal history report, cellphone image, computer image, jail calls, and photographs or videos depicting the defendant's own belongings, residence, or vehicle, except for those imaged devices that contain child sexual abuse material and thus are being made available for review rather than produced in discovery, including the defendant's cellphone. The defendant may also possess any laboratory reports related to the testing or analysis of seized evidence, except with respect to the victim's PERK test. The defendant is not permitted to have unrestricted access to review body worn camera footage, dash camera footage, or surveillance footage, because almost all such footage depicts the victim, a non-law enforcement witness, or an alleged co-conspirator, or statements of such individuals. The defendant is also not permitted to have unrestricted access to the Snapchat messages extracted from the defendant's phone because of the extensive victim information contained within them. Defendant's restrictions on the sharing or dissemination of any material produced by the government in discovery are detailed above.

10. If defense counsel does not wish to receive the above-described materials and comply with the Order, defense counsel:

    a. Shall so advise, in writing, the Court and the United States Attorney's upon receipt of this Order;

    b. Shall not view, nor allow anyone else to view, any of the materials; and

    c. Forthwith, shall return all materials to the United States Attorney's Office and shall destroy all copies (electronic or otherwise) of the materials.

11. If defense counsel is removed from the case, defense counsel, forthwith, shall return all original material to the United States Attorney's Office.

12. This Order and its provisions continue beyond the conclusion of this case and continue to apply to any defense counsel who is removed from the case.

13. Any disputes about this Order shall be resolved by this Court only after counsel for the United States and the defendant have first conferred and engaged in a good faith attempt to resolve the dispute. Defense counsel shall first raise any disputed designation of protected material with the government in writing. If the government does not then agree to a modification of the terms of this Order as to the disputed discovery designation, the defense may raise the issue with the Court.

14. Notwithstanding interpretations of Virginia Rule of Professional Conduct 1.16(e) or any other provision of law or ethical rule, defense counsel may never provide the materials to a defendant, including, but not limited to, for use by the defendant to prepare a petition pursuant to 18 U.S.C. § 2255.

Unauthorized disclosure of certain discovery materials, such as grand jury information and tax returns, is a violation of federal law. Unauthorized disclosure of any of the material could endanger witnesses, subject them to intimidation, chill their candor, violate their privacy, impede future investigations and have other negative consequences. Witness intimidation, threatening, and tampering are criminal acts and are subject to punishment accordingly. Violation of this Order also may be deemed a contempt of court pursuant to 18 U.S.C. § 401.

It is further **ORDERED** that if an Indictment in this case is under seal, the Clerk of this Court shall delay disclosing a copy of this Order to defense counsel until the unsealing of the Indictment.

**DATE**: ___1/15/26_____                    _____*Joel C. Hoppe*_____
                                                     JOEL C. HOPPE
                                                     UNITED STATES MAGISTRATE JUDGE