**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case No. 3:25-CR-19** |
| | ) | |
| | ) | |
| GUSTAVO QUINTERO, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR A COMPETENCY HEARING AND REQUEST TO
DETERMINE COMPETENCY OF THE DEFENDANT**

COMES NOW, Gustavo Quintero, by counsel, and files his motion pursuant to 18 U.S.C.
§4241 for a hearing to determine the mental competency of the defendant.

### *Background*

Mr. Quintero is currently charged in a four-count indictment with one violation of 18
U.S.C. §2422(b), coercion and enticement of a minor, one violation of 18 U.S.C. §2422(a),
coercion and enticement of a minor, one violation of  18 U.S.C. §2251(a), sexual exploitation of
a minor, and one count of 18 U.S.C. §2252(a)(4)(B), possession of child pornography.  Count
One carries a mandatory minimum term of ten years and maximum term of life imprisonment.
Count Two carries a maximum term of twenty years of imprisonment.  Count Three carries a
mandatory minimum term of fifteen years and a maximum term of thirty years of imprisonment.
Count Four carries a maximum term of ten years of imprisonment.  On February 20, 2026, this
Court granted Mr. Quintero's motion to continue.  The trial in his case is now set for October 19-
23, 2026.

### *Legal Argument*

Under 18 U.S.C. §4241, at any time after the commencement of a prosecution for an offense, a party may move the Court for a competency hearing to determine the mental competency of the defendant.  If the court finds by a preponderance of the evidence that a defendant is mentally incompetent, that defendant may not stand trial.  *See* 18 U.S.C. §4241. The two-prong test for competency was originally set forth by the Supreme Court in *Dusky v. United States*: "the test must be (1) whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) whether he has a rational as well as factual understanding of the proceedings against him."  *Id*. 362 U.S. 402, (1960); *Godinez v. Moran*, 509 U.S. 389, 396 (1993).  The Supreme Court determined that "it is not enough…that the defendant is oriented to time and place and has some recollection or events…The test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402 (1960).  In order to have a rational understanding means that the defendant must be able to accurately perceive, interpret and respond to the world around him.  *United States v. Snyder*, 2006 U.S. Dist. LEXIS 31138 (W.D. Va. May 18, 2006).

In a later case, the Supreme Court noted that the criminal prosecution of an incompetent person offends due process, stating: "[i]t has been long accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subject to a trial."  *Drope v. Missouri*, 420 U.S. 162, 171 (1975).  The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant

may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  18 U.S.C. §4241(a).  "The Court must *sua sponte* order a competency hearing if reasonable cause is demonstrated.  *United States v. Fuller*, 15 F.3d 646, 649 (7th Cir.), cert. denied, 114 S. Ct. 2689 (1994); *Hernandez-Hernandez v. United States*, 904 F.2d 758, 760 (1st Cir. 1990).  Whether reasonable cause exists under §4241 is a question left to the discretion of the trial court.  *United States v. West*, 877 F.2d 281, 285 n.1 (4th Cir.) cert. denied, 493 U.S. 869 (1989); *Streetman v. Lynaugh*, 835 F.2d 1521, 1525-26 (5th Cir. 1988)."  *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995).

In this case, counsel has serious and grave concerns about the defendant's current mental health status and his competency.  The pretrial services report in this case, which is sealed, notes several items which contribute to these concerns.  ECF 8.  Additionally, the defendant has exhibited compulsive and erratic behavior, and he has not been able to interact with counsel in a meaningful and productive way.  Counsel has spoken with evaluators at the University of Virginia Institute of Law, Psychiatry and Public Policy about completing a psychological evaluation of the defendant, but at this time, their timeline for the start of the evaluation process is 4-6 weeks out.  Counsel will continue to work to find an evaluator, if one can be located sooner, and will certainly defer to the Court on any additional steps that can be taken to expedite this process.  At the current time, it is extremely difficult, if not impossible, for counsel to confer with defendant to productively review discovery or prepare for trial.

### *Conclusion*

Accordingly, counsel for defendant submits that there is reasonable cause for this Court to hold a competency hearing and to determine the competency of the defendant.

Respectfully submitted,

GUSTAVO QUINTERO
By counsel


/s/ Jessica F. Phillips
Jessica F. Phillips (VSB #65953)
Royer Caramanis PLC
200-C Garrett Street
Charlottesville, VA  22902
(434) 260-8767 (telephone)
(434) 710-4061 (facsimile)
jphillips@rc.law


CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2026, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to all counsel of record.

/s/ Jessica F. Phillips
Jessica F. Phillips (VSB #65953)
Royer Caramanis PLC
200-C Garrett Street
Charlottesville, VA  22902
(434) 260-8767 (telephone)
(434) 710-4061 (facsimile)
jphillips@rc.law